THERESA GROTTA HOME FOR CONVALESCENTS, A NEW
JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF NORTH
CALDWELL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 31, 1952—Decided April 28, 1952.

Before Judges EASTWOOD, BIGELOW and FRANCIS.

*Mr. Milton H. Stern* argued the cause for the respondent (*Messrs. Hannoch & Lasser,* attorneys).

*Mr. H. Edward Toner* argued the cause for the appellant (*Mr. Malcolm J. Robbins* on the brief; *Mr. Walter G. Brandley,* attorney).

FRANCIS, J. C. C. The respondent sought a variance from the zoning ordinance of the Borough of North Caldwell. Hearing on the application was held by the board of adjustment on June 28, 1951. On July 24, 1951, the board deposited a decision in its office, containing a refusal to recommend the variance. On September 17, 1951, 55 days thereafter, respondent filed a complaint in lieu of *certiorari* in the Superior Court, seeking a review of the adverse ruling.

The board of adjustment moved for summary judgment on the ground that the action was filed in violation of *Rule* 3 :81–15(*b*) (5) which then limited the period for the allowance of such proceeding to 30 days from the filing of the decision in the office of the board. Prior to the argument of

this motion respondent moved for the relaxation of *Rule* 3:81–15(*b*) (5) and to allow the prosecution of the action on the ground that the failure to institute it within time was the result of excusable neglect.

Both motions were presented on the same day and on November 5, 1951, the Law Division of the Superior Court granted the motion to relax the rule and allowed the prosecution of the action "with the same force and effect as if instituted within the time limited by the Rule." The motion for summary judgment was denied. The board now appeals, contending that the trial court was without authority to grant the relaxation.

*Article VI, section 5, paragraph* 4 of the *New Jersey Constitution of* 1947 dealt with the prerogative writs as follows:

"4. Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary."

Pursuant to the authority granted, the Supreme Court proceeded to regulate this practice. Its rules prescribed that such review, hearing and relief "may be had * * * in the manner hereinafter provided by these rules" (*Rule* 3:81–1) "by a civil action at law in the Law Division of the Superior Court" (*Rule* 3:81–2), by "the filing of a complaint in accordance with the rules for the conduct of actions in the Trial Divisions and shall thereafter proceed in accordance with said rules." (*Rule* 3:81–3.)

Upon the adoption of these rules the court did not fix the time within which a complaint in lieu of *certiorari* should be filed. An express limitation was contained in *chapter* 381 of the *Laws of* 1948 (*L. p.* 1562, *N. J. S. A.* 2:80–7), where it was provided that review would be barred unless the proceeding shall be commenced within 30 days "of the accrual of the right to such review, hearing or relief." This limitation was declared unconstitutional in *Fischer v. Township of Bed-*

*minster,* 5 *N. J.* 534 (1950), on the ground that the regulation of the proceedings in lieu of the prerogative writs is the exclusive province of the Supreme Court and that there exists no right of "legislative superintendence."

Then on March 15, 1951, *Rule* 3 :81–15 was adopted. It bears a descriptive title which was fashioned by the court itself, namely, "Limitation on Bringing Certain Proceedings." When the complaint here was filed section (*b*) (5) thereof provided:

"(b) No proceeding in lieu of *certiorari* shall be allowed
❉  ✻  ✻  ✻  ✻  ✻  ✻  ✻
(5) to review any decision of the planning board or the board of adjustment after thirty days from the date of filing of the decision in the office of the board;"

Respondent seeks to support the relaxation by reference to *Rules* 3 :1–2 and 3 :6–1. *Rule* 3 :1–2 says:

"The rules shall be construed to render the civil practice just and simple and to prevent unjustifiable expense and delay. Where, however, they will work injustice or surprise, they may be relaxed or dispensed with by order of the Superior Court; but the court may not enlarge a period of time fixed for the performance of an act, unless the enlargement is permitted by *Rule* 3 :6–1, nor may it relax or dispense with *Rules* 3 :40–1 and 3 :103–2."

*Rule* 3 :6–1 says:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without notice order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; or the period before or after its expiration may be enlarged by consent in writing, without application to the court. But the period for taking any action under *Rules* 3 :52–2, 3 :59–2, 3 :59–4, 3 :59–6, or 3 :60–2 shall not be enlarged."

The argument is made that whenever the Supreme Court did not wish to permit the relaxation of a particular rule it

expressly said so. Consequently, since *Rule* 3:81–15(*b*) (5) was not included in the exceptions to the power of relaxation set out in *Rules* 3:1–2 or 3:6–1 or in *Rule* 1:7–9, dealing with the filing of notice of appeal, as it existed at the time of making the disputed order of relaxation, or in *Rule* 4:1–10, likewise dealing with the filing of notice of appeal to the Appellate Division, it is urged that such authority existed. And stress is laid upon the amendment of *Rule* 1:7–9 on January 1, 1952, which, among other things, expressly excludes *Rule* 3:81–15 from the power of relaxation. Although the amendment came after the order in question, respondent suggests that it furnishes an additional manifestation of the intention of the court to permit relaxation except where such action is expressly prohibited.

*Rules* 1:2–5 and 4:2–5, fixing the time of appeal, and the express mandate against permitting the notice of appeal to be filed out of time contained in *Rules* 1:7–9 and 4:1–10, and the cases decided thereunder, make it clear that the court wished to permit no extension of the time within which the jurisdiction of an appellate or reviewing tribunal could be invoked. For example, in *In re Pfizer,* 6 *N. J.* 233 (1951), it spoke of the "well established principle in this State that when the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them," and of the extreme importance "that at some point judgments become final and litigations come to an end" (*p.* 239); see also *Shade v. Colgate,* 3 *N. J.* 91, 95 (1949); *State v. Janiec,* 6 *N. J.* 608, 613 (1951).

There is no distinction in principle between invoking the jurisdiction of an appellate tribunal within a time fixed and invoking the jurisdiction of a reviewing tribunal which proceeds in the nature of an original action. Once the time lapses, the right of review is gone. Under the former practice our courts long recognized and applied reasonable legislatively imposed limitations on the institution of prerogative writ proceedings. *Cole v. Brunswick Leather Goods Corporation,* 1 *N. J. Super.* 190, 63 *A. 2d* 569 (*App. Div.* 1949);

*Pitsch v. Hopper,* 15 *N. J. Misc.* 662 *(Sup. Ct.* 1937) ; *Red Oaks v. Dorez, Inc.,* 117 *N. J. L.* 280 *(Sup. Ct.* 1936) ; *Van Anglen v. Bayonne,* 56 *N. J. L.* 463 *(Sup. Ct.* 1894) ; *Traphagen v. West Hoboken,* 39 *N. J. L.* 232 *(Sup. Ct.* 1877), affirmed 40 *N. J. L.* 193 *(E. & A.* 1878).

In *Cole v. Brunswick Leather Goods Corporation, supra,* the Appellate Division said:

"Under this statute, the right to review depends upon the issuance of a writ of *certiorari* within eighteen months after the entering of the judgment below, * * *. The right to review was lost when no writ of *certiorari* issued within the said period."

In 1928 the Legislature adopted an act declaring that "No writ of *certiorari* to review any decision of the board of adjustment shall issue unless application therefor be made within thirty days after the filing of the decision in the office of the board." (*R. S.* 40:55–46.) The former Supreme Court adjudged the 30-day limitation to be reasonable. *Peckitt v. Board of Adjustment of Borough of Spring Lake,* 136 *N. J. L.* 405 *(Sup. Ct.* 1947).

In the light of this history how can it be said reasonably that the Supreme Court intended to give permission to the trial courts to relax the time limitation imposed as the result of its own study of the problem? Especially in view of the attitude of the court, speaking through the Chief Justice, in *Ward v. Keenan,* 3 *N. J.* 298, 305 (1949) :

"The importance of dispatch in this particular class of cases is recognized in the rule above referred to, especially in *Rule* 3:81–6 advancing such proceedings 'for hearing, trial and disposition by the court,' and in *Rule* 3:81–4, providing for motions for summary judgment on proceedings in lieu of prerogative writs brought to enforce a ministerial act or duty. These cases are required to be decided promptly as befits the transaction of important public business. * * *"

If public need exists for pressing prerogative writ litigation to prompt conclusion after it is instituted, an even greater need for prompt and timely institution thereof must co-exist.

If the rule fixing a time limitation of 30 days for the bringing of such proceedings can be subverted and enlarged by a series of orders under *Rule* 3:6–1, the first one made before the period elapses and subsequent ones made before each previous one expires, or by an order made after the passage of the allotted time, because of a finding by the Superior Court of excusable neglect, then all the admonitions for promptness after the jurisdiction of the court has been invoked would not be very productive.

If the 30-day period is considered against a background of the title of the rule, namely as a limitation on "bringing" a proceeding in lieu of *certiorari* and therefore akin to a statute of limitation on an original action, it becomes even more evident that relaxation was not contemplated. Invariably the expiration of a period of limitation prescribed by the Legislature has been deemed by the courts to give birth to a vested right in the person against whom the cause of action existed to be forever free from prosecution thereon. This doctrine is deeply imbedded in our law. (*State of New Jersey v. Standard Oil Company*, 5 *N. J.* 281, 293 (1950), affirmed 822, 341 *U. S.* 428, 71 *Sup. Ct. Rep.* (1951)). Therefore it is most unlikely that the Supreme Court, having sole regulatory power in the field of prerogative writs, would adopt a flexible and elastic time limitation for the institution of such actions. A declaration by a court other than the Supreme Court, that this had been done, would be justified only on the basis of language from the meaning of which there is no possible escape.

The language of *Rule* 3:81–15 (*b*) (5), when promulgated in March, 1951, was plain, unqualified and emphatic. It said that *"no* proceeding * * * *shall* be allowed * * * to review any decision of the * * * board of adjustment after thirty days from the date of the filing [etc.] * * *."* (Italics ours.) At this time the court was aware of the rule permitting relaxation and of the express exclusion therefrom of the time requirement for filing a notice of appeal. Logic requires the assumption that *Rule* 3:81–15

was not added to the prohibition of Rule 1:7–9 and that a statement was not added to the body of *Rule* 3:81–15 expressly proscribing relaxation, because it was not considered necessary. The elimination of the possibility of further argument by counsel such as that advanced here, or perhaps to eliminate what was spoken of in *Winberry v. Salisbury*, 5 *N. J.* 240 (1950), as "the tendency to deviation," may have induced the court on January 1, 1952, expressly to add *Rule* 3:81–15 to those listed in *Rule* 1:7–9 as inviolable by relaxation.

In any event, we believe that prior to January 1, 1952, and particularly at the time of the entry of the order in issue on this appeal, jurisdiction of the Superior Court under *Rule* 3:81–15 (*b*) (5) to entertain proceedings in lieu of *certiorari* could not be invoked after 30 days had passed from the date of filing of the decision of the board of adjustment in its office. Further, in our judgment, the Law Division had no power to abate that rule in order to permit the complaint herein to stand.

In view of this determination, no useful purpose will be served in discussing respondent's claim that the failure to comply with the rule was the product of excusable neglect. Since the authority to relax is not present, the character of the neglect is immaterial.

The order of relaxation is reversed and the record is remanded with directions to grant appellant's motion for summary judgment.