STATE HOUSING, INC. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 108, September Term, 1957.]

*Decided January 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *J. Calvin Carney* and *J. Calvin Carney, Jr.,* for appellant.

*Shirley B. Jones, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor* and *Hugo A. Ricciuti, Deputy City Solicitor,* on the brief for appellees, Mayor and City Council et al., and *Maurice C. Pincoffs, Jr.,* with whom was *George E. Brown, Jr.,* on the brief for appellee, Dr. Louis Vogel, Jr.

HENDERSON, J., delivered the opinion of the Court.

The sole question presented in this appeal is whether an appeal, by an adjoining property owner, to the Baltimore City Court from a decision of the Board of Municipal and

Zoning Appeals of Baltimore City, was taken in time. It is conceded that there was a hearing before the Board on March 5, 1957, and on the same day the Board adopted a resolution approving an application by Dr. Vogel to erect an addition to his property 2601 E. Monument Street. The record shows that no protestants appeared at the hearing. On March 7, 1957, a copy of the resolution, as adopted on March 5, 1957, typed upon blue paper and signed by the Director of Zoning, was sent to counsel for the applicant. Whether the decision of the Board was announced at the hearing, or just when the minutes were transcribed and entered in the minute book by the executive secretary, is not shown. Nor does the record show when the appellant learned of the Board's action, although in its brief the appellant asserts that "he (sic) is a real estate broker who owns the property at No. 2603 East Monument Street"; that "the broker had had no occasion to visit either the property or the neighborhood. For this reason the appellant did not learn of any of these proceedings until April 4, 1957." The appeal was entered on April 5, 1957. The City and the applicant, intervening, moved to dismiss on the ground that the appeal was not taken in time. The trial court granted the motions and entered judgment for the appellees.

Code (1957 Supp.), Art. 66B, sec. 7 (j), provides: *"Appeal from board to court.*—Any person or persons jointly or severally aggrieved by any decision of the board of zoning appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days *from the day upon which the board decided the matter from which the appeal is taken."* (Italics supplied.) The sentence last quoted was written into the enabling act by Chapter 696, Acts of 1953, effective June 1, 1953. Prior to that time the sentence read: "Such petition shall be presented to the court within 30 days *after filing of the decision in the office of the board."* (Italics supplied.)

On May 21, 1953, the Mayor approved Ordinance 711,

Article 40, Section 40(a) of which contained a provision identical with that of the enabling act as it stood prior to the amendment. In *Md. Clothing Mfng. v. Baltimore,* 207 Md. 165, 168, we referred to both the provisions of the enabling act and the ordinance, but it was unnecessary to decide which was controlling. It may be noted that Section 40(a), Article 40 of Ordinance 711, followed exactly the language of the enabling act, as then in effect, as well as the language of the earlier ordinance, as set out in Article 40, Section 39(a) of the Baltimore City Code (1950). Cf. Ordinance No. 1247 (1931), paragraph 35(a). An effort by the City to shorten the time of appeal to twenty days, by amendment of the Charter in 1946, was held to be ineffective in *Scrivner v. Baltimore,* 191 Md. 165, both on the ground that the City lacked the power to shorten the period of appeal as fixed by the enabling act, and on the ground that the twenty day limitation was declared to be applicable only in the absence of provisions for appeal by the General Assembly. It would seem to follow that an amendment of the enabling act by the General Assembly would override the provisions of the City ordinance relating to appeal, particularly where the amendment to the enabling act took effect subsequent to the reenactment of the ordinance, as in the instant case. Cf. *Heubeck v. City of Baltimore,* 205 Md. 203.

The appellant contends that the change in phraseology of the enabling act is without significance. It is pointed out that Section 7 (c) provides, in part, that "the board shall keep minutes of its proceedings * * * and other official actions, all of which shall be immediately filed in the office of the board and shall be a public record." This same phraseology appeared in the section prior to its amendment in 1953. Giving full weight to the term "filing", as importing the placing of a written document in the custody of the proper official so that it may become a part of the public record, *Levy v. Glens Falls Indem. Co.,* 210 Md. 265, 273, it may well be that prior to the amendment, something more was required than a verbal declaration that the resolution was carried. In *Hall v. Board of Adjustment of City of McAllen,* 239 S. W. 2d 647 (Tex. Civ. App.), it was held that a zoning resolu-

tion was "filed" when it was typed into the minute book by the clerk or secretary to the board. In *Zoning Appeals Board v. McKinney*, 174 Md. 551, 565, it was stated that the Board had finally disposed of a case when it adopted a resolution that was duly entered in the minutes and counsel notified of its action, although the "blue slip", containing a copy of the resolution, was not transmitted to the parties in interest until later. It was said that the latter step was not the action of the Board, but only evidence of its action. It may be that the Legislature assumed that there would be no significant time lag between the adoption of a resolution and its entry in the minutes. Nevertheless, we think there is a marked difference between thirty days "after filing of the decision in the office of the board", and thirty days "from the day upon which the board decided the matter". Normally, the decision would precede the entry in the minute book. Without doing violence to the plain meaning of the language employed, we cannot hold that the Legislature meant the same thing when it referred to a different action.

If the appellant had been present at the hearing, doubtless it would have learned of the Board's action on that date. As we have noted, the record is silent as to just when the minutes were transcribed. The record only shows that the copy of the resolution was sent out on March 7, 1957, and that was merely evidence of the Board's action and not the action itself. We must assume that the Board obeyed the statutory mandate to keep minutes of its official actions and file them "immediately". Since the time began to run when the case was decided on March 5, 1957, the thirty-day period expired on Thursday, April 4, 1957, in accordance with the usual rule of computation. Code (1957 Supp.), Art. 94, sec. 2; cf. Rule 8 of the Maryland Rules. We need not now consider whether the time might be extended in a case where there was a clear showing of a failure on the part of the Board to perform its statutory duties. Cf. *Theresa Grotta Home v. Board of Adjustment*, 88 A. 2d 355 (N. J. Super.) and *Esso Standard Oil Company v. City Council*, 123 A. 2d 885 (N. J. Super.).

The appellant contends that if Chapter 696, Acts of 1953,

changed the time when the thirty-day period began to run, the Act was unconstitutional because of a failure to describe the change in the title of the Act as required by Article 3, section 29 of the Maryland Constitution. We note that the title referred specifically to the section and article in question, and generally to "the numbering of sub-sections and other provisions designed to aid in the administration of said Article." But we find it unnecessary to pass on the sufficiency of the title for the reason that the record does not show that the point was presented to the lower court. Rule 885 of the Maryland Rules; *Martin v. State,* 203 Md. 66, 77; *Todd v. Ferrell,* 212 Md. 574, 580.

*Judgment affirmed, with costs.*