BADIAN *v.* HICKEY ET AL.

[No. 228, September Term, 1961.]

*Decided April 17, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Samuel M. Badian,* in proper person, for appellant.

*Douglas H. Moore, Jr., Assistant County Attorney,* with whom was *Alfred H. Carter, County Attorney for Montgomery County,* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

The principal question presented is whether the thirty-day period for appeal from a decision of the County Council of Montgomery County, sitting as the District Council for that part of Montgomery County within the Maryland-Washington Regional District on a zoning application, ran from the date when the Council at a public meeting announced its decision and the vote of its members or from the date of a subsequent meeting at which the transcribed minutes of the Council reciting the prior decision and the vote were approved by the Council. The judge below held, in dismissing the applicant's appeal, that the earlier date was the starting point of the statutory period of appeal.

On November 11, 1960, Samuel M. Badian filed with the Montgomery County Council an application for reclassification of some two acres of his land from residential to apartment classification. A hearing on the application was held before the Council on March 13, 1961, and on April 25, 1961, a decision was rendered denying the requested reclassification. Subsequently, on May 15, 1961, Mr. Badian filed with the Council a petition for reconsideration of his application.

Then, on June 13, 1961, the Council, at a regular public meeting, adopted a resolution denying the petition for reasons set forth in an opinion accompanying the resolution. The resolution and opinion, it would appear, had been prepared by the County Attorney at the direction of the Council and were in written form when adopted. The stenographer of the Council recorded its proceedings, including the votes of the members of the Council on the question.

Although the record fails to disclose whether or not Mr. Badian or his counsel was present at the June 13 meeting of the Council, it does reveal that Mr. Badian received written notice on June 19, 1961, that his petition had been denied.

On June 20, 1961, the Council again met. At this meeting, the minutes of the June 13 meeting, having been transcribed by the stenographer in the meantime, were read and approved.

Finally, on July 20, 1961, Mr. Badian filed an order for

appeal in the Circuit Court for Montgomery County; and the appellees, the members of the Council, moved to dismiss the appeal as having been filed too late. The trial judge held that June 13 was "the governing date" and dismissed the appeal because Mr. Badian, when he filed on July 20, was "clearly beyond the legal limitation."

There are two relevant statutes in the case. The first, Ch. 780, Sec. 1 [78A] of the Laws of 1959, now codified as Montgomery County Code (1960), Sec. 72-85 (a public local law relating to that part of Montgomery County within the Maryland-Washington Regional District), states:

> "In Montgomery County, a final decision of the district council on any application for a map amendment may, within 30 days after the decision is rendered by resolution of the council, or within 30 days after the final decision of the council on a petition for reconsideration, be appealed by any person aggrieved by the decision to the circuit court for the county * * *."

The second, Montgomery County Code (1960), Sec. 104-41, an ordinance relating to that part of the County within the District, reads:

> "The decision of the district council approving, denying or dismissing any application for a map or text amendment shall be rendered within sixty days of the hearing unless such time is extended by the district council, and shall be in the form of a resolution adopted by the council in open session by a majority of those voting on roll call by yeas and nays and appearing in the minutes of the meeting, and the resolution shall not be valid unless it so appears; provided, that a favorable vote of four members shall be required for adoption of a local map amendment contrary to a sectional zoning plan adopted by the commission. The resolution, when adopted, shall be accompanied by an opinion of the district council setting forth its conclusions and rea-

sons which shall be filed in the office of the department. A copy of the resolution and opinion shall be promptly mailed by the department to the applicant, the commission, and to all persons entering their appearance at the hearing as shown by the hearing transcript; and a copy shall be promptly furnished by the department to the chief of the division of assessments of the department of finance, and the members of the board. (Ord. No. 3-206, May 31, 1958)"

We think, as did the judge below, that the words "a final decision" in Sec. 72-85 of the Montgomery County Code relate in time to the adoption by the County Council of the resolution required by Sec. 104-41 of that Code. Sec. 104-41 specifically defines "decision" as "a resolution adopted by the council in open session by a majority of those voting on roll call by yeas and nays * * *." Sec. 104-41 further requires that a copy of the Council's resolution "be promptly mailed * * * to the applicant" after its adoption. It seems clear that under this requirement a copy of the resolution must be mailed to the applicant as soon as practicable after the meeting—and that this mailing is not to be delayed pending the subsequent transcription of the minutes of the meeting and the Council's final approval of them. And this would appear to be the practice, since the record shows that Mr. Badian received a copy of the above-mentioned resolution on June 19, 1961, a day before the meeting of the Council at which the transcribed minutes of the June 13 meeting were formally approved.[1]

---

1. The question of whether Maryland Rules B 1 to B 12, governing appeals from administrative bodies, is applicable to appeals from zoning decisions of the County Council of Montgomery County was neither argued by the parties here nor raised, considered or passed on below. Maryland Rule B 4 a provides that an appeal "shall be filed within thirty days from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent * * *." An "administrative agency" is defined by Rule B 1 b to "mean any board, department, commission, authority, commissioner or other officer of the State or of a county or local government,

The appellant urges that because Sec. 104-41 says that the decision of the Council shall be in the form of a resolution adopted "in open session by a majority of those voting on roll call by yeas and nays and appearing in the minutes of the meeting, and the resolution shall not be valid unless it so appears," the statute means that there can be no final action of the Council *until* the minutes are finally approved. We do not so read the ordinance. When the Council by a majority vote on roll call in an open meeting adopts a resolution, which it has previously caused to be prepared, it has acted officially. The stenographer's transcription of the minutes, which includes the record of the action taken and the yea and nay votes, is merely a ministerial act, and the approval of the minutes at a later meeting amounts to no more than an official acknowledgment of the accuracy of previous official action. The Council points out in its brief that immediately upon adoption of a resolution by the Council granting the requested rezoning, a building permit will be issued by the County for construction consistent with the zoning use authorized. The applicant is thus not required by the County to await approval of the minutes. To adopt the argument of the appellant would be to say that the final decision of the Council on a zoning matter would await clerical transcription of the minutes. Only the most clear and direct expression of legislative intent that such was to be the case, which is not present here, would persuade us to find that final official action was to depend on a mere ministerial act of a clerk. *Cf. Robey v. Broersma,* 181 Md. 338, 345 (opinion on reargument).

We find *State Housing, Inc. v. Baltimore,* 215 Md. 294, persuasive as a precedent. In that case we held that the lan-

---

whether appointed or elected, whether legislative, administrative, executive, ministerial or quasi-judicial, whose action or decision is specifically subject to court review * * *."

If we assume, without deciding, that Rule B 4 a applies (although Sec. 72-85 of the Montgomery County Code was enacted by the Legislature after the Rule was declared in effect by this Court), the result is not changed because Badian, the appellant, was sent a copy of the resolution and opinion before June 19, 1961 (he admits he received it on that day) and did not appeal until July 20, 1961, more than thirty days thereafter.

340

guage of now Code (1957), Art. 66B, Sec. 7 (j), stating that an appeal from a zoning board "shall be presented to the court within thirty days from the day upon which the board decided the matter," required the appeal to be filed within thirty days of the board's decision in an official meeting. See also *Sullivan v. Northwest Garage, Inc.*, 223 Md. 544, 548.

As in *State Housing, Inc. v. Baltimore, supra,* we are not faced with a situation in which the zoning authority has failed to "perform its statutory duties"—such as the prompt mailing of the resolution here required.

We conclude that the thirty-day appeal period had expired before the appellant noted an appeal.

*Order affirmed, with costs.*