ABERLE ᴇᴛ ᴀʟ. *v.* MAYOR AND CITY COUNCIL OF
BALTIMORE ᴇᴛ ᴀʟ.

[No. 257, September Term, 1961.]

*Decided May 8, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, HORNEY and MARBURY, JJ.

*Alexander Stark* and *H. Lee Allers, Jr.,* for the appellants.

*Eugene A. Alexander, III,* with whom was *John P.
O'Ferrall* on the brief, for Purdue Apartments, Inc., one of
the appellees.

Submitted on brief by *Francis B. Burch, City Solicitor of
Baltimore,* and *John A. Dewicki, Assistant City Solicitor,* for
the City, the other appellee.

HAMMOND, J., delivered the opinion of the Court.

The decision in this case turns on the applicability of Mary-
land Rule B4 a (formerly Rule 1101 d 1) to appeals from the
Baltimore Board of Municipal and Zoning Appeals to the
Baltimore City Court.

The Building Engineer denied an application of Purdue
Apartments, Inc., for a permit to erect an apartment building
to house more families than the area requirements permitted.
The applicant appealed to the Board and a hearing was held
on June 13, 1961, at which the appellants appeared as protes-
tants. At the conclusion of the hearing, the Chairman of the
Board announced that the matter would be considered further
and that the parties would hear from the Board. Later the

same day the Board approved the application and, by a no-
tice dated June 16 and mailed in an envelope postmarked June
19, notified the protestants of record of the action taken on
June 13. The protestants filed notice of appeal in the Baltimore
City Court on July 14 and within ten days thereafter filed the
petition required by Maryland Rule B2 e, setting forth the
action appealed from, the error alleged to have been com-
mitted, and the relief sought. The Mayor and City Council
demurred on the ground that the appeal was taken too late, in
that it had not been taken within thirty days of the day the
Board decided the matter. Purdue Apartments, Inc., inter-
vened and filed a motion to dismiss the appeal, based on the
same grounds.

At a hearing before Judge Prendergast, the protestants
argued that Maryland Rule B4 a had superseded Code (1957),
Art. 66B, Sec. 7 (j), which this Court held in *State Housing,
Inc. v. Baltimore,* 215 Md. 294, 296, was applicable to zoning
appeals in Baltimore City and required the appeal to be taken
within thirty days from the day upon which the Board de-
cided the matter. Rule B4 a provides:

> "An order for appeal shall be filed within thirty
> days from the date of the action appealed from, except
> that where the agency is by law required to send no-
> tice of its action to any person, such order for ap-
> peal shall be filed within thirty days from the date
> such notice is sent, or where by law notice of the
> action of such agency is required to be received by
> any person, such order for appeal shall be filed with-
> in thirty days from the date of the receipt of such
> notice."

Judge Prendergast decided that it made no difference
whether the statute or the rule controlled because he found
no requirement in law for notice to the protestants of any
action taken by the Board and, therefore, no basis for measur-
ing the period for appeal from the "date * * * notice is sent."
The appeal to this Court is by the protestants from the dis-
missal of their appeal.

We find the Rule to have complemented Sec. 7 (j) of Art.

66B. Their provisions are the same in effect in requiring an appeal generally to be taken within thirty days of the action complained of, but the Rule adds the exceptions that where the law requires the agency to send notice of its action or that notice be received, the thirty days begin to run from the sending or the receipt, as the case may be.

Subtitle B of Ch. 1100 of the Maryland Rules was clearly intended to apply to appeals from all administrative agencies as defined therein. Rule B1 a says that the subtitle shall apply to the review of any final action of an administrative agency by a court "where such review is specifically authorized by statute." Rule B1 b defines administrative agency to mean, inter alia, "any board * * * of the State or of a county or local government, whether appointed or elected, whether legislative, administrative, executive, ministerial or quasi-judicial, whose action or decision is specifically subject to court review * * *."

The decision of the Baltimore zoning board is, of course, specifically subject to court review under the provisions of Sec. 7 (j) of Art. 66B. That section is mentioned in a Committee note to Rule B1 as one of some one hundred statutory provisions dealing with administrative appeals which the Rules Committee considered. The note says: "In this Rule the Committee has endeavored to bring uniformity to this field." An Editor's note adds: "This Subtitle is not a codification of the existing statutes but completely new Rules setting up the procedure governing appeals from all administrative agencies to the nisi prius courts."

The Legislature has given indication that Subtitle B of Ch. 1100 of the Rules governs appeals in zoning cases. By Ch. 36 of the Acts of 1962 (an Act to delete court procedural matter from the State statutes), Sec. 7 (j) of Art. 66B was repealed and reenacted so as to delete from it any reference to the time in which an appeal from a zoning board must be taken. This would not have been done, we are persuaded, if the Legislature had not contemplated that Rule B4 applied in such cases.

We turn to the crucial point in the case—is the Baltimore Board required by law to send notice of decision to protestants

of record? Sec. 123 of the Baltimore City Charter (Flack's ed. 1949) establishes a Department of Municipal and Zoning Appeals, "the head of which shall be the Board of Municipal and Zoning Appeals to consist of five members * * *." Sec. 135, which provides for appeals from the Board to the Baltimore City Court within twenty days of a decision of the Board "[u]nless appeals therefrom are otherwise provided for by Act of the General Assembly of Maryland," was declared inoperative in *Scrivner v. Baltimore,* 191 Md. 165. Sec. 136 provides: "Whenever the Board shall make a decision it shall give reasonable notice thereof by mail to all parties who, from the papers or testimony before it, seem to be parties in interest. But failure to give such notice or of a party to receive notice of an order within twenty days of its entry shall not invalidate the decision nor, save by petition to and special order of the Board, extend the time to appeal from the order." (The reference to twenty days is, by reason of the *Scrivner* decision, now to be read as thirty days.)

The protestants contend that Sec. 136 is a law requiring the Board to give notice of its actions to interested parties. Purdue Apartments, Inc., and the Mayor and City Council counter by saying, that since the failure to give or to receive notice "shall not invalidate the decision nor * * * extend the time to appeal from the order," the provision as to notice is directory and not required, within the contemplation of Rule B4 a. They support their position by pointing out that Judge Oppenheimer so held in the case of *Nolan v. Mayor & C. C. of Baltimore,* Docket 18-P, p. 131, File No. 044444, Balt. City Ct., Dec. 23, 1959, his opinion having been entered as an exhibit in the case of *Sullivan v. Northwest Garage, etc., Inc.,* 223 Md. 544.

The question is not free from difficulty, but we have concluded that the sending of notice is required by law of the Baltimore zoning board. An ordinance of Baltimore City, the passage of which was duly authorized by the Legislature, as was Sec. 136 of the Charter, is a law. *Herman v. Mayor & C. C. of Baltimore,* 189 Md. 191, 195. Sec. 136 of the Charter of Baltimore City is directory in the sense that failure to obey the legislative requirement is not fatal to the validity of offi-

cial action taken, but nevertheless the Board is told in a law by the legislative body to send the notice. There is a duty to comply even with purely directory statutory provisions and a clear specific direction in a statute should be accepted as evidence of legislative policy and intent, which it is contemplated will be obeyed. *Balto. Paint & Color Works v. Parts Co.,* 173 Md. 210, 214; *Skaggs v. Fyffe,* 98 S. W. 2d 884, 886 (Ky.); 82 C. J. S. "Statutes" Sec. 374, p. 869.

Moreover, the intent to uniformly start the period of appeal from the date notice is sent, in all cases where the law contemplates that notice should be sent to those interested, would best be effectuated by the interpretation that we adopt —that the sending of notice of decisions of the Baltimore Board of Municipal and Zoning Appeals "is required by law" under the provisions of Sec. 136 of the Baltimore City Charter.

It is conceded that under this interpretation the protestants' appeal was timely, so the order dismissing it must be reversed.

*Order reversed, with costs, and case remanded for further proceedings not inconsistent with this opinion.*