534 A.2d 1344

Joseph Abel CLARKE et al.

v.

Joseph A. GREENWELL et ux.

No. 416, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 7, 1988.

Karen H. Abrams (Joseph R. Densford, on brief), Leonardtown, for appellants.

Daniel J. Guenther, Leonardtown, for appellees.

Argued before WEANT, ALPERT and ROBERT M. BELL, JJ.

ALPERT, Judge.

It is written in the St. Mary's County Zoning Code:

If, in accordance with the provisions of this Ordinance and Article 66B of the Annotated Code of Maryland as amended, changes are made in ... matter[s] portrayed on the Official Zoning Maps, such changes shall be made a part of the Official Zoning Maps promptly after the amendment has been approved by the County Commissioners.... *No amendment to this Ordinance which involves a matter portrayed on the Official Zoning Maps shall become effective until after such change has been made a part of said maps.*

§ 20.03 (emphasis added).

Were we to give those words a literal construction, Dr. J. Patrick Jarboe, the President of the St. Mary's Board of County Commissioners, could unilaterally and arbitrarily control all zoning changes in St. Mary's County since it is his job to ensure that zoning changes are affixed to the official maps. Even more perversely, the clerk who was responsible for performing the physical affixation of the changes could block duly passed zoning changes by failing to perform his duty. This appeal was spawned by just such a literal interpretation of the Code—undoubtedly a result the County Commissioners never intended.

While the issue *sub judice* is the timeliness of appellee's administrative appeal of a decision by the County Commissioners to rezone a parcel of land, its resolution rests upon our construction of the above-quoted provision of the St. Mary's County Zoning Ordinance. In February of 1985, Joseph Abel Clarke, an appellant herein, filed a Rezoning

Application with the St. Mary's County Office of Planning and Zoning. Appellant sought to have land he owned in the county rezoned from R–1 (Rural Residential) to CM (Commercial Marine). After duly advertising the proposed change, a majority of the County Commissioners approved the change at a regularly scheduled meeting of the commissioners held on August 19, 1986.

On September 19, 1986, thirty-one days after the commissioners approved the rezoning, Joseph A. Greenwell, the appellee herein, filed an order for appeal with the Circuit Court for St. Mary's County. On October 2, 1986, thirteen days after filing the order for appeal, appellee filed a petition for review with the court. The Board of County Commissioners and Joseph Abel Clarke filed a Motion to Dismiss the appeal with prejudice. They argued that the court was without jurisdiction to hear the case because appellee failed to comply with the statutorily-prescribed timetables for filing an order for appeal and petition for review. After a hearing on the Motion to Dismiss, Judge Raley of the Circuit Court for St. Mary's County found that, because of certain procedural irregularities (the zoning changes were not made on the map) discussed more fully *infra,* the decision to rezone was not a final one. Consequently, Judge Raley dismissed the appeal as premature. This provided the appellee with another opportunity to challenge the rezoning. Appellants challenge the finding that the rezoning was not a "final action" and ask this court to dismiss the appeal with prejudice. They ask:

Whether the Circuit Court for St. Mary's County erred in holding that a Zoning Amendment does not become effective in St. Mary's County until the County's Official Zoning Map has been changed to reflect the amendment.

The applicable procedure for appeal is explicated in Article 66B, § 4.08 of the Maryland Annotated Code, which provides in pertinent part:

§ 4.08. **Appeals to courts.**

(a) Who may appeal; procedure—Any person or persons, jointly or severally, aggrieved by any decision ... by a

zoning action by the local legislative body . . . may appeal the same to the circuit court of the county.  **Such appeal shall be taken according to the Maryland Rules as set forth in Chapter 1100, Subtitle B.**

Md.Ann.Code art. 66B, § 408 (1983 & Supp.1987) (emphasis added).

Under the relevant provisions of the Maryland Rules, an order for appeal from an administrative agency decision must be filed within thirty (30) days "from the date of the action appealed from."  Md.Rule B4(a).  A potential appellant then has ten (10) days after filing his order for appeal within which to file his petition for appeal, setting forth the action from which the appeal is taken, the alleged error committed below, and the relief sought.  Md.Rule B2(e).  If the potential appellant fails to comply with the timeframes set in Rules B4 and B2, the trial court will dismiss the appeal unless cause to the contrary is shown.  Md.Rule B5. *See also Ohio Casualty Ins. Co. v. Insurance Comm'r,* 39 Md.App. 547, 387 A.2d 622 (1978).

While the length of time for filing the order for appeal and the petition for review is clearly explicated in the Rules, it is often difficult to determine the time at which the period begins to run.  This is because no appeal may be taken from a decision that is not a "final action."  Md.Rule B1(a). The Court of Appeals attempted to explain what makes an action by an administrative agency "final" in *Maryland Commission on Human Relations v. Baltimore Gas & Electric Co.,* 296 Md. 46, 459 A.2d 205 (1983):

> [O]rdinarily the action of an administrative agency, like the order of a court, is final if it determines or concludes the rights of the parties, or if it denies the parties means of further prosecuting or defending their rights and interests in the subject matter before the agency, thus leaving nothing further for the agency to do.

*Id.* at 56, 459 A.2d 205.  *See also Holiday Spas v. Montgomery County Human Relations Comm'n,* 70 Md.App. 344, 350, 521 A.2d 340, *cert. granted,* 310 Md. 144, 527 A.2d 331 (1987).

■ Applying that standard does not easily resolve the facts posed by the case *sub judice*. We conclude, however, that the approval of appellant's zoning petition by the Board of County Commissioners constituted an immediately appealable final action.

In the case *sub judice*, the rezoning application was approved on August 19, 1986. On September 19, 1986, the Office of Planning and Zoning sent a letter to appellant that informed him of the change. It then went on to state:

[T]he change will become effective when, according to Section 20.03, a signed survey of the area rezoned is attached to the official zoning map, which has been signed by the President of the Board of County Commissioners. *If such a survey has not been previously supplied, please contact the Office of Planning and Zoning for further information....*

During the hearing, there was some controversy as to whether appellant had provided a survey by that time.[1] In any event, on December 1, 1986, the Director of the Office of Planning and Zoning sent a letter to Dr. J. Patrick Jarboe, the President of the St. Mary's Board of County Commissioners, regarding the September 19 change by the Board of Commissioners. The letter included a survey of

---

1. If the Office of Planning and Zoning enforced its own procedural requirements, this question would not arise. The application for rezoning provides:

Attached [to this rezoning application] please find a boundary survey of the property to be rezoned and a written justification for granting the request.

Thus, before the application is even considered, the Office of Planning and Zoning should receive a survey of the property. This appears to be necessary for the orderly orchestration of the zoning process; without the boundary survey, the County Commissioners could hardly be certain what parcel of land is under consideration for rezoning. It is also implicit in the zoning ordinance that a survey should be provided by the time the rezoning application is considered. Section 20.03 provides that any change in the zoning map shall be promptly attached to the official maps by affixing a survey of the rezoned parcel of land. Thus, the ordinance anticipates that the survey is in the possession of the County Commissioners at the time of the rezoning action.

the rezoned parcel of land, and it asked for Dr. Jarboe's signature and for the required attachment to the official zoning map. Dr. Jarboe signed the survey on December 6, 1986, but the record shows that the survey was not attached to the official zoning map until February 4, 1987.[2] There was no explanation for the delay, although § 20.03 of the ordinance instructs that "changes shall be made a part of the Official Zoning Maps *promptly* after the amendment has been approved...." § 20.03 (emphasis added).

There is no precedent in Maryland that clearly resolves this issue.[3] The case that is most nearly analogous to the case *sub judice* is *Badian v. Hickey*, 228 Md. 334, 179 A.2d 873 (1962). In *Badian*, the applicant sought rezoning of his property from a residential to an apartment classification. On May 15, 1961, the applicant filed a petition with the Montgomery County Council to reconsider their earlier denial of his application. On June 13, 1961, the Council adopted a resolution denying the requested rezoning. The applicant received notice of this denial on June 19, 1961. On June 20, 1961, the Council formally adopted the transcribed minutes of the June 13 meeting which recited the prior decision and the roll call vote, a procedure required by statute. The applicant appealed the denial on July 20, 1961, thirty-one days after he received notice of the denial but thirty days after formal adoption of the resolution. The Court of Appeals held that the thirty day time for appeal ran from the adoption of the resolution by the Council which denied the requested rezoning. The Court stated:

---

2. Even if we regarded December 6, 1986, the day that Dr. Jarboe signed the survey, as the effective date, appellee still could not prevail, for then he would have noted the appeal too soon rather than too late. *See Eastgate Associates v. Apper*, 276 Md. 698, 350 A.2d 661 (1976).

3. Indeed, our search for legislative history revealed only that the subject amendment was enacted because "the records of what lands had been rezoned since the original adoption [of the St. Mary's County Zoning Ordinance] were questionable at least, or undefinable." See appendix "A."

To adopt the argument of the appellant would be to say that the final decision of the Council on a zoning matter would await clerical transcription of the minutes. Only the most clear and direct expression of legislative intent that such was to be the case, which is not present here, would persuade us to find that final official action was to depend on a mere ministerial act of a clerk.

*Id.* at 339, 179 A.2d 873.

Similarly, we do not find that the finality of the resolution hinged on the ministerial act of attaching the changes to the zoning map. Although the ordinance does state that an amendment does not become effective "until after such change has been made a part of said maps," the ordinance also envisions that the changes be made *"promptly* after the amendment has been approved by the County Commissioners." § 20.03 (emphasis added). There was no explanation offered for the lapse of time between the August 19, 1986 approval of the rezoning and the February 4, 1987 attachment of the changes to the zoning map. We cannot imagine that the finality of a legislative body's action hinges on the ministerial act of a third party that may be so haphazardously performed, unless the statute clearly evidences such intent. *See Badian,* 228 Md. at 339, 179 A.2d 873. We do not perceive such intent in the St. Mary's County ordinance.

We believe that this is the better result. The timeframe for appeal must be strictly adhered to in order for a court to exercise its jurisdiction. Md.Rule B5. An appeal that is filed before an action is final must be dismissed as premature; an appeal that is filed more than thirty days after the action is final must be dismissed under Rule B4(a) as untimely. Thus, it would put too onerous a burden on the parties to have to await the affixation of the changes to the zoning maps to start the time running for appeal. This would require the parties to monitor constantly the zoning maps, perhaps over extremely long periods of time, as was true in this case. If, instead, the time begins from the date

of the resolution, all parties are clearly informed of the time running for an appeal.

Moreover, as was also the practice of the county involved in *Badian*, it is possible in St. Mary's County to get a building permit or a site plan application under the approved rezoning without having the changes attached to the map. Thus, for all practical purposes, the passage of the resolution is a final action.

*Aberle v. Baltimore City*, 228 Md. 542, 180 A.2d 836 (1962), cited by appellee, is inapposite. In *Aberle*, the Court of Appeals had to determine whether the statutory period for appeal ran from the date of a resolution granting a building permit or from the date the protestants received notice of the approved permit. The court concluded that the applicable law required that the protestants be sent notice of the action taken. The court then held that since there was "a duty to comply even with purely directory statutory provisions," the period for appeal did not begin to run until notice was sent in accordance with the statute. *Id.* at 547, 180 A.2d 836.

There was no indication, however, that the *Aberle* court intended to overrule *Badian* which had been decided by the Court of Appeals one month prior to *Aberle*. The two cases can be read consistently if *Badian* is limited to actions taken as a purely ministerial formality. We note in particular that, unlike the case at bar, notice to the protestants was an issue in *Aberle*. The decision to deny the requested rezoning in *Aberle* was not made at an open session of the Board of Zoning Appeals and, therefore, the protestants had no knowledge of a decision against them until they received notice. Thus, the mailing of the notice was not a purely ministerial formality; it served a substantive purpose. As a matter of fairness, the thirty day period for appeal cannot begin to run until it is reasonable for the parties to discover the action taken.

An issue similar to that in the case at bar was posed in *Northern Operating Corp. v. Town of Ramapo*, 26 N.Y.2d

404, 311 N.Y.S.2d 286, 259 N.E.2d 723 (1970). In *Northern Operating Corp.*, the town clerk neglected to put the ordinances adopted by the local zoning board in the "ordinance book" as required by local law. The court held that the failure

> ought to be deemed a personal neglect by the clerk and should not invalidate the public action of the board itself unless there is some resulting uncertainty about what was enacted to someone's detriment.

*Id.* 311 N.Y.S.2d at 289, 259 N.E.2d at 725. The court then went on to state:

> It would be sheer exaltation of form over substance to strike down an ordinance enacted within the legal jurisdiction of a legislative body, the text of which is not in dispute, which has been publicly on file and duly published and posted, merely because a clerk omitted physically to staple a copy promptly in the ordinance book which she must keep.

*Id.* 311 N.Y.S.2d at 290, 259 N.E.2d at 726. *Cf. Village of Bourbonnais v. Herbert*, 86 Ill.App.2d 367, 229 N.E.2d 574 (1967) (The municipality sued to challenge a zoning ordinance. The court held that because the statute required recordation of "yeas" and "nays" of those who voted for or against the zoning ordinance, the failure of the minutes of the meeting to contain this poll meant ordinance was not properly enacted.); *Pop Realty Corp. v. Springfield Bd. of Adjustment*, 176 N.J.Super. 441, 423 A.2d 688, 695 (1980) ("[T]he procedural steps required by statute are regarded as mandatory, and failure to abide by such requirements will invalidate a zoning ordinance.").

JUDGMENT REVERSED; APPELLEE TO PAY THE COSTS.

 

# ST. MARY'S COUNTY GOVERNMENT

P. O. BOX 653 • GOVERNMENTAL CENTER • LEONARDTOWN, MARYLAND 20650
(301) 475-5621

November 30, 1987

Mr. Howard Freedman
Clerk
Court of Special Appeals
Court of Appeals Building
361 Rowe Boulevard
Annapolis, Maryland    21401

Dear Mr. Freedman:

I have reviewed the record of the June 1978 amendment of the St. Mary's County Zoning Ordinance and found no discussion of the 20.03 amendment. My recollection is that:

In July, 1977 I assumed the job of Director of the Office of Planning & Zoning and soon discovered that the records of what lands had been rezoned since the original adoption were questionable at least, or undefinable. In order to bring order to the system and to have a legislative basis for requiring a survey the language in 20.03 was suggested and, following public hearings by the St. Mary's County Planning Commission and the Board of County Commissioners, was adopted by the Commissioners on June 7th, 1978.

I hope this information is helpful.

Sincerely yours,

FRANK J. GERRED
Director
Office of Planning & Zoning

FJG:pc
Enclosures

**456**

LIBER UUL · 56    TIME _4:04_ . M.
MARY E BELL CLERK
ST MARY'S CO.

ORDINANCE No. ___78-43___

AN ORDINANCE ESTABLISHING COMPREHENSIVE ZONING REGULATION FOR
THE COUNTY OF ST. MARY'S, AND PROVIDING FOR THE ADMINISTRATION,
ENFORCEMENT, AND AMENDMENT THEREOF, IN ACCORDANCE WITH THE
PROVISIONS OF ARTICLE 66B OF THE ANNOTATED CODE OF MARYLAND AS
AMENDED, AND FOR THE REPEAL OF ALL ORDINANCES IN CONFLICT HEREWITH

WHEREAS, Article 66B of the Annotated Code of Maryland,
as amended, empowers the County to enact a zoning ordinance and
to provide for its administration, enforcement, and amendment;
and

WHEREAS, the County Commissioners deem it necessary for
the purpose of promoting the health, safety, morals, or general
welfare of the County to enact such an ordinance; and

WHEREAS, the County Commissioners, pursuant to the pro-
visions of Article 66B of the Annotated Code as amended, have
appointed a planning commission to recommend the boundaries of
the various districts and appropriate regulations to be enforced
therein; and

WHEREAS, the Planning Commission has divided the County
into districts and has prepared regulations pertaining to such
districts in accordance with a comprehensive plan and designed
to lessen congestion in the streets; to secure safety from fire,
panic, and other dangers; to promote health and general welfare;
to provide adequate light and air; to prevent the overcrowding
of population; to facilitate the adequate provision of transpor-
tation, water and sewerage, schools, parks, and other public
requirements; and

WHEREAS, the Planning Commission has given reasonable
consideration among other things to the character of the districts
and their peculiar suitability for particular uses, with a view
to conserving the value of buildings and encouraging the most
appropriate use of land throughout the County; and

LIBER 002 PAGE 57

ORDINANCE NO. ~8-43

WHEREAS, the Planning Commission has made a preliminary report and held public hearings thereon, and submitted its final report to the County Commissioners; and

WHEREAS, the County Commissioners have given due public notice of hearings relating to zoning districts, regulations, and restrictions, and have held such public hearings; and

WHEREAS, all requirements of Article 66B of the Annotated Code of Maryland, as amended, with regard to the preparation of the report of the Planning Commission and subsequent action of the County Commissioners have been met,

NOW, THEREFORE, BE IT ORDAINED by the County Commissioners of St. Mary's County, Maryland, that the aforementioned Zoning Ordinance, as amended, is hereby adopted and enacted in its entirety this __7th__ day of __June__, 1978.

BOARD OF COUNTY COMMISSIONERS
OF ST. MARY'S COUNTY, MARYLAND

JAMES M. McKAY, President

FORD L. DEAN, Commissioner

PATRICK JARBOE, Commissioner

LARRY MILLISON, Commissioner

JOHN K. PARLETT, Commissioner

Attest:

EDWARD V. COX
County Administrator

Attest:

JOSEPH E. BELL, II
County Attorney

**458**

Agricultural Area

Waterfront Protection Area

Urban Area

20.03    OFFICIAL ZONING MAPS

The County is hereby divided into zones, or districts, as shown on the Official Zoning Maps which, together with all explanatory matter thereon, are hereby adopted by reference and declared to be a part of this Ordinance.

The Official Zoning Maps shall be identified by the signature of the President of the St. Mary's County Commissioners and bearing the seal of the County. If, in accordance with the provisions.of this Ordinance and Article 66B of the Annotated Code of Maryland as amended, changes are made in district boundaries or other matter portrayed on the Official Zoning Maps, such changes shall be made a part of the Official Zoning Maps promptly after the amendment has been approved by the County Commissioners, with an entry on the Official Zoning Maps stating when the maps were updated.

No amendment to this Ordinance which involves matter portrayed on the Official Zoning Maps shall become effective until after such change has been made a part of said maps.

No changes of any nature shall be made in the Official Zoning Maps or matter shown thereon except in conformity with the procedures set forth in this Ordinance. Any unauthorized change of whatever kind by any person or persons shall be considered a violation of this ordinance and punishable as provided under Article 7.

Regardless of the existence of purported copies of the Official Zoning Maps which may from time to time be made or published, the Official Zoning Maps which shall be