## RENEHAN ET AL. *v.* PUBLIC SERVICE COMMISSION OF MARYLAND ET AL.

[No. 160, September Term, 1962.]

60

*Decided March 5, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Louis A. Scholz* for the appellants.

*Rudolf A. Carrico* and *Roger D. Redden,* with whom were *Richard W. Case, Clifford Davis, Jr.,* and *Smith, Somerville & Case* on the brief, for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The question here at issue is the timeliness of an appeal from an order of the Public Service Commission to a Circuit Court. The right to judicial review by a trial court of a final order of the Commission is conferred by § 90 of Art. 78 of the Code (1957). Its exercise was regulated in 1961, when the appeal here involved was taken, by Maryland Rule 1101, secs. a-1. (Rule 1101 was recodified, effective January 1, 1962, as Rules B1-B12 of Chapter 1100; the recodification involves no change here material. We shall refer to the pertinent Rules by their 1961 designations.) The Circuit Court for Carroll County held the appeal not timely and accordingly dismissed it. The appeal from the order of dismissal is based upon § 98 of Art. 78, *supra.* On this appeal the appellants challenge the dismissal of their appeal only with regard to the Commission's Order No. 54770, entered on October 11, 1961. (Their petition or order for appeal as filed in the Circuit Court also sought review of two earlier orders of the Commission (Nos. 54546 and 54722), but their brief in this Court does not challenge the dismissal as to those orders.)

The case grows out of a new tariff affecting telephones in the Sykesville area submitted by one of the appellees, the Chesapeake & Potomac Telephone Company of Maryland, to the other appellee, the Commission. The appellants filed a complaint with the Commission on January 30, 1960, opposing the new tariff, which contemplated splitting the Sykesville area between two new telephone exchanges. Various hearings were held and other proceedings were had, which we see no need to set forth. On August 2, 1961, the Commission entered its Order No. 54722 dismissing the appellants' complaint. On September 5, 1961,

the appellants filed a request for rehearing. This was denied by the Commission's Order No. 54770, which was entered on October 11, 1961. On the same day a copy of this order was mailed to counsel for the appellants by the Executive Secretary of the Commission. Apparently on Friday, November 10, 1961, counsel for the appellants mailed a "petition," which constituted their order for appeal from the Order of October 11, 1961, to the Clerk of the Circuit Court for Carroll County. Appended to this appeal was a certificate of counsel that he had "sent" (we understand by mail) a copy thereof to two members of the Commission and to counsel for the Telephone Company. A copy was received by the Commission on Monday, November 13th, and the original petition was received by the Clerk of the Circuit Court by mail early on the morning of Tuesday, November 14th, 1961. The Telephone Company moved to dismiss the appeal as filed too late.

Rule 1101 applied by Sec. a thereof to appeals from administrative agencies generally by broad language which comprehends appeals from the Public Service Commission. See *Aberle v. Baltimore City,* 228 Md. 542, 180 A. 2d 836, involving an appeal from a zoning agency. The reasoning of that case is applicable to this as to the scope of the Rules relating to appeals from administrative agencies. Rule 1101 b 1 required the appeal to be filed with the clerk of the proper court, accompanied by a certificate of service on the agency involved. Rule 1101 d reads as follows:

"An order for appeal shall be filed within thirty days from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent, or where by law notice of the action of such agency is required to be received by any person, such order for appeal shall be filed within thirty days from the date of the receipt of such notice."

Rule 1101 d 2 permitted the filing of an application for an extension of time for appeal and authorized the court to extend it for not over sixty days, but subsec. 3 of Rule 1101 d required

the application for extension to be filed within the time prescribed for filing an order of appeal.

Rule 1101 e provided that:

"If the appellant shall fail to file his order for appeal within the time prescribed by section d of this Rule or any order issued pursuant thereto, * * * the court shall dismiss the appeal unless cause to the contrary be shown."

It is our opinion that under the provisions of the Rules above cited the Circuit Court was correct in holding that the appeal was filed too late and in dismissing the appeal for that reason.

There is no provision of law which requires that notice of the action of the Public Service Commission be received by a party in order to make it effective. In this case it is immaterial under Rule 1101 d 1 whether the Commission was or was not obliged to send notice of its action to the appellants (as to which cf. *Aberle v. Baltimore City, supra*) since the date of the Commission's action and the date of sending notice thereof to the appellants were one and the same, October 11, 1961. That is the day from which the thirty-day period began to run. Service by the Commission of notice of its action, if required, was made by the mailing of the copy of the order under the express terms of § 78 (c) of Art. 78, *supra.*

Rule 1101 b 1 required that the order of appeal be filed with the clerk of the proper court. Obviously, since the order of appeal (the appellants' petition) was not filed with him until November 14, 1961, it was not filed within thirty days after October 11. Actually the last day for filing the order in the Clerk's office was November 10, 1961. (See Md. Rule 8 as to the computation of time.) That being the case, it is immaterial that November 11 was a holiday and November 12 a Sunday. (Even if it were otherwise, Monday, the 13th, intervened before the appeal reached the Clerk.) The mailing of the appeal to the Clerk is not made the equivalent of filing it with him. (Cf. Md. Rule 306 c 2 as to dates of service where the service of copies of pleadings is made by mail.) We think that the filing was too late. See *Nutter v. Non-Profit Housing Co.,* 230 Md. 6, 185 A. 2d 360, based upon the present Maryland Rule B 4 a (the equiv-

alent of Rule 1101 d 1), which, like *Aberle,* involved an appeal from a zoning administrative agency; and see *State Housing, Inc. v. Baltimore,* 215 Md. 294, 137 A. 2d 708, involving another such appeal under the zoning laws as they stood prior to the adoption of Rule 1101 d 1.

The appeal not having been filed within the time allowed, its dismissal was required under Rule 1101 e "unless cause to the contrary be shown." We think that no cause to the contrary was shown, and hence that there is no foundation for claiming any abuse of discretion on the part of the trial court in proceeding to dismiss the appeal. The appellants may have misapprehended what we think is the plain meaning of the clearly applicable Rules. We may add that even if there were room for doubt as to whether the procedural provisions of Art. 78 of the Code (1957) or Rule 1101 were controlling, we should find no such confusion between the provisions of Art. 78 and of Rule 1101 relating to the time for appeal as the appellants assert. We think that even if the procedural provisions of Art. 78 were still applicable, they would not avail the appellants in this case, and mistaken reliance on them would not amount to good cause for their delay in filing their appeal. § 91 (a) of Art. 78 required that a petition for judicial review of the denial by the Commission of a petition for rehearing had to be filed "within 30 days after the service of the decision of the Commission denying the hearing." This service was effective, as we have noted, under § 78 (c) of Art. 78, when notice of the Commission's order was sent by its being mailed to the appellants' counsel on October 11, 1961. The result here would therefore be the same even if, as the appellants may have erroneously supposed, § 91 (a) had been controlling, for their appeal was too late under that section and § 78 (c).

*Order affirmed, with costs.*