66 A.3d 1123

**Chris BUSH**

v.

**PUBLIC SERVICE COMMISSION OF MARYLAND.**

No. 0032, Sept. Term, 2012.

Court of Special Appeals of Maryland.

May 29, 2013.

128

Chris Bush, Pro Se, Midway, Kentucky, for Appellant.

Joseph M. English, Public Service Commission, Maryland, and John D. Corse, Exelon Business Services Company, LLC, on the brief, Baltimore, MD, for Appellee.

Panel: WRIGHT, KEHOE, PAUL E. ALPERT, (Retired, Specially Assigned), JJ.[1]

WRIGHT, J.

This appeal concerns the Circuit Court for Baltimore City's dismissal of a petition for judicial review ("Petition") filed by Chris Bush, appellant, challenging an October 31, 2011 order issued by the Public Service Commission of Maryland ("Commission"), appellee. At a hearing before the circuit court, Bush argued in part that his Petition was timely because the mailbox rule in Md. Rule 1–203(c) afforded him three days beyond the thirty-day period imposed by Md. Rule 7–203(a) to

---

1. Judge Douglas R.M. Nazarian did not participate in the Court's decision to designate this opinion for publication in the Maryland Appellate Reports pursuant to Maryland Rule 8–605.1.

file his Petition. The court granted the Commission's motion to dismiss finding that Md. Rule 1–203(c) was not applicable and, therefore, concluded that the Petition was filed beyond the permissible period. This timely appeal followed.

## Question Presented

Bush raises a single question on appeal which we quote *verbatim:*

Was the trial court's decision against the Appellant in error as regards application of the mailbox rule?

Finding no error in the circuit court's conclusion that Md. Rule 1–203(c) does not apply, we affirm the dismissal of Bush's Petition as untimely.

## Facts and Procedural History

The facts of this case are undisputed. On August 27, 2011, Hurricane Irene made landfall in the mid-Atlantic region causing widespread disruption of electric service in Maryland and neighboring states. In the storm's wake, concerns regarding disaster preparedness and response prompted the Commission to launch a consolidated inquiry[2] into Maryland Investor–Owned Utility Companies, Southern Maryland Electric Cooperative, and Choptank Electric Cooperative (hereinafter collectively referred to as "Utility Companies").

Bush is a landlord in Catonsville, Maryland, whose tenants are customers of Baltimore Gas & Electric ("BGE"), a public utility subject to the Commission's inquiry. In Bush's view, "issues of BGE reliability will impact the ability of his renters to pay rent." During the public hearing phase of the consolidated inquiry, Bush appeared before the Commission to request that BGE be assessed a $50 million fine for "failure to provide reliable electric service" and for the utility's "dysfunctional restoration efforts" in the aftermath of Hurricane Irene.

---

2. Maryland Public Service Commission Order No. 84306/Case No. 9279 (Sept. 1, 2011).

On October 31, 2011, the Commission issued Order No. 84445 ("Order") which directed the Utility Companies to take specific actions designed to improve storm preparedness and response. Fines were not levied against the Utility Companies.

Bush conceded that he received and downloaded the Commission's Order on October 31, 2011, the date it was posted online. As a dissatisfied, interested party, Bush was permitted to file a Petition within thirty days of the Commission's Order pursuant to Md. Rule 7–203(a).

Proceeding *pro se,* Bush submitted his Petition by certified mail to the Clerk of the Circuit Court for Baltimore City on November 30, 2011. The Clerk's Office stamped as received and docketed the Petition on December 2, 2011, thirty-two days after the Commission issued the Order. On December 11, 2011, the Commission filed a motion to dismiss Bush's Petition as untimely. In response, Bush filed a "motion to dismiss the Commission's motion to dismiss" on December 19, 2011.

On February 1, 2012, at the motions hearing, Bush offered several reasons as to why his Petition was timely. Bush first averred that the mailbox rule under Md. Rule 1–203(c) provides three additional days beyond the thirty-day period during which a Petition may be properly filed. Next, he contended that the posting of the Commission's Order online constituted "service" within the meaning of Md. Rule 1–203(c) and, therefore, his Petition was timely filed, as the Clerk received the Petition within three days of the expiration of the thirty-day filing period. Lastly, Bush proposed that the Commission's failure to furnish him with notice of the Order violated his right to due process of law.

In granting the Commission's motion to dismiss, the circuit court found that the clock runs from the date of the administrative decision. Further, the court ruled that the Petition must be filed with the court, rather than mailed, prior to the expiration of the filing period, in order to be considered timely. Finally, the court concluded that there was no due

process violation, given that Bush was aware of the Order, and therefore, was not "deprived of knowledge of the [Commission's Order]."

## Discussion

This case turns on the construction of the word "filing" in Md. Rule 7–203. To reiterate, Bush argues that "filing" is equivalent to "mailing" under Md. Rule 7–203. He also reasserts the same contentions that he presented to the circuit court.

In response, the Commission avers that "filing" and "mailing" are legally distinguishable actions. Further, the Commission asserts that the mailbox rule provided in Md. Rule 1–203(c) is inapplicable to the instant case thereby precluding the addition of days in excess of the filing period. We agree with the Commission.

## I. Standard of Review

"We begin this analysis by noting the general tenets of statutory construction, which apply to the drafting of the Maryland rules as well." *Cooper v. Sacco,* 357 Md. 622, 629, 745 A.2d 1074 (2000). *Accord Nina & Nareg, Inc. v. Movahed,* 369 Md. 187, 193, 798 A.2d 557 (2002); *State v. Bell,* 351 Md. 709, 717, 720 A.2d 311 (1998); *State v. Harrell,* 348 Md. 69, 79, 702 A.2d 723 (1997); *In re Victor B.,* 336 Md. 85, 94, 646 A.2d 1012 (1994); *Beyer v. Morgan State Univ.,* 139 Md.App. 609, 630, 779 A.2d 388 (2001). *See also Bd. of Educ. of Prince George's Cnty. v. Marks–Sloan,* 428 Md. 1, 18–19, 50 A.3d 1137 (2012) (noting that rule interpretation presents a pure question of law to which we apply the often invoked principles of statutory construction). "The cardinal rule of statutory interpretation is to ascertain and effectuate the real and actual intent of the Legislature." *Emps.' Ret. Sys. of the City of Balt. v. Dorsey,* 430 Md. 100, 112–13, 59 A.3d 990 (2013) (quoting *Gardner v. State,* 420 Md. 1, 8, 20 A.3d 801 (2011)). *Accord State v. Weems,* 429 Md. 329, 337, 55 A.3d 921 (2012); *Bd. of Cnty. Comm'rs of St. Mary's Cnty. v. Marcas, L.L.C.,* 415 Md. 676, 685, 4 A.3d 946 (2010). Where "the

[statutory] language is clear and unambiguous 'and is consistent with the purposes of the legislation in general and the particular provision being interpreted,' our inquiry ordinarily ends at that point." *Brown v. State*, 359 Md. 180, 188, 753 A.2d 84 (2000) (quoting *McNeil v. State*, 356 Md. 396, 404, 739 A.2d 80 (1999)).

Applying these principles to the present case, it is clear that "filing" and "mailing" are not equivalent and, therefore, the circuit court did not err in dismissing Bush's Petition as untimely.

## II. Maryland Rule 1–203(c)

In affirming the circuit court's dismissal of the Petition, we first address Bush's argument regarding Md. Rule 1–203(c). Bush invites us to apply Md. Rule 1–203(c) as extending the Md. Rule 7–203 filing period, discussed *infra*, by three days and, therefore, urges us to conclude that his Petition was timely. We decline to do so.

Md. Rule 1–203(c) provides:

**Additional time after service by mail.** Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after service upon the party of a notice or other paper and service is made by mail, three days shall be added to the prescribed period.

We agree with the circuit court that Md. Rule 1–203(c) does not apply to the instant case. In order to trigger Md. Rule 1–203(c), two conditions must be present. First, a party must have received service of process *by mail*. Second, the party served must have a right or obligation to perform an action *after* being served by mail within a specified period of time. Only when *both* conditions are satisfied, is a party exercising such right, or performing an obligation, afforded three days beyond the applicable period to avail such right or perform the obligation.

In *Kamara v. Edison Bros. Apparel Stores, Inc.*, 136 Md. App. 333, 338, 765 A.2d 1005 (2001), this Court stated that "Rule 1–203(c) only applies when service triggers the clock."

Further, in *Chance v. Wash. Metro. Area Transit Auth.,* 173 Md.App. 645, 656, 920 A.2d 536 (2007), we determined that "when the prescribed time period under a rule or statute is commenced by an event other than service by mail, such as *entry* of an order or the *filing* of a pleading, 'an extra three-day period [under Rule 1–203(c) ] is not allowed.' " (Quoting Niemeyer & Schuett, *Maryland Rules Commentary* 22 (3d ed.2003)) (emphasis in original). In this case, Bush never received notice of the Commission's decision by mail. Thus, the absence of the first condition precedent necessary to trigger Md. Rule 1–203(c) precludes the rule's application to Bush's Petition.

Alternatively, Bush avers that the Commission's online posting of its Order constituted "notice" or "deemed notice" under Md. Rule 1–203(c) and, therefore, three days must be added to the thirty-day filing period. Again, this argument fails because the first condition precedent required by Md. Rule 1–203(c) is not satisfied. As previously explained, the rule requires that "notice" be provided *by mail* in order for a party to be eligible to receive additional time to exercise a right or perform an obligation. It is well-settled that "[w]e construe a statute as a whole so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory." *Mayor & Town Council of Oakland v. Mayor & Town Council of Mountain Lake Park,* 392 Md. 301, 316, 896 A.2d 1036 (2006) (citation omitted). It is not in the province of this Court to "add [or] delete language in a statute so as to subvert [the issuing] body's plain and unambiguous intent." *Foley v. K. Hovnanian at Kent Island, LLC,* 410 Md. 128, 152, 978 A.2d 222 (2009) (citing *Md. Overpak Corp. v. Mayor & City Council,* 395 Md. 16, 47, 909 A.2d 235 (2006)). Accordingly, we refuse to read the rule as excluding the words "by mail;" we reject Bush's construction as it would add a provision to Md. Rule 1–203(c) that does not exist.

Further, we are unable to discern from the language of the rule, or the broader rule scheme, that the Court of Appeals intended the clause, "service is made by mail," to encompass online postings. Words are to be "construed according to

their ordinary and natural import." *Lanzaron v. Anne Arundel Cnty.*, 402 Md. 140, 149, 935 A.2d 689 (2007) (quoting *Rose v. Fox Pool Corp.*, 335 Md. 351, 359, 643 A.2d 906 (1994)). Thus, only pleadings processed through the postal system are of the type envisioned by Md. Rule 1–203(c).[3] By contrast, Bush fails to cite any authority to support his argument that online postings are to be treated as "mailings" for purposes of Md. Rule 1–203(c).

## III. Maryland Rule 7–203

██ Md. Rule 7–203 states, in relevant part:

(a) **Generally.** Except as otherwise provided in this Rule or by statute, a petition for judicial review *shall be filed* within 30 days after the latest of:

(1) the date of the order or action of which review is sought;

(2) the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law *to be sent to the petitioner; or*

(3) the date the petitioner received notice of the agency's order or action, if notice was required by law to be received by the petitioner.

(Emphasis added).

In *Renehan v. Pub. Serv. Comm'n.*, 231 Md. 59, 62, 188 A.2d 566 (1963), the Court of Appeals addressed Rule 1101, the predecessor to Md. Rule 7–203(a).[4] Rule 1101(d) provided:

An order for appeal *shall be filed within thirty days* from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent, or where by law

---

**3.** We refer to BLACK'S LAW DICTIONARY (8th ed.2004) for the ordinary import of "service" and "mail." "Service" is "[t]he formal delivery of a writ, summons, or other legal process." *Id.* at 1399. "Mail" is "[o]ne or more items that have been properly addressed, stamped with postage, and deposited for delivery in the postal system." *Id.* at 972.

**4.** Rule 1101 preceded Rule B4 from which Md. Rule 7–203 is derived.

notice of the action of such agency is required to be received by any person, such order for appeal shall be filed within thirty days from the date of the receipt of such notice.

*Id.* (emphasis added).

*Renehan* involved a dispute over the imposition of a new tariff affecting telephone utility companies. The Commission issued an order on October 11, 1961. Appellants mailed their Petition opposing the new tariff on November 10, 1961, to the Clerk of the Circuit Court for Carroll County, who received the Petition on November 14, 1961. Appellee, a competing utility company, moved to dismiss the Petition as untimely.

On appeal, appellants asserted that the Petition was timely on the grounds that mailing the Petition satisfied the Rule 1101(d) filing requirement. The Court of Appeals held that "[t]he *mailing* of the appeal to the Clerk *is not made the equivalent of filing it* with him." *Id.* at 63, 188 A.2d 566 (emphasis added). Pursuant to the computation of time rules, the Court of Appeals determined that the final date for filing was November 10, 1961, and therefore, the circuit court properly dismissed the Petition as untimely.

We recognize that *Renehan* concerned construction of predecessor Rule 1101. Notwithstanding the evolution of Rule 1101 into its present form, the Court of Appeals has not stricken or amended the language "shall be filed within thirty days." Further, *Renehan* has not been overruled or abrogated by rule and thereby "continues to represent the [Court of Appeals's] interpretation of the statutory law." *Ctr. Ins. Co. v. J.T.W,* 397 Md. 71, 83, 916 A.2d 235 (2007) (analyzing Md. Rule 702's predecessor Rule B4 to determine when the statutory clock begins to run under relevant sections of the Insurance Article of the Maryland Code).

There is no ambiguity in the rule before us—"mailing" does not constitute "filing" of a Petition. Unless otherwise provided by rule or statute, to be considered timely, a Petition must actually be *received* by the circuit court clerk no later than the thirtieth day after the occurrence of the action or order

desired to be appealed.   To hold otherwise would ignore the plain meaning of Md. Rule 7–203 and contravene *Renehan.*

Bush relies on our decision in *Jackson v. Dackman Co.,* 181 Md.App. 546, 578, 956 A.2d 861 (2008), *rev'd on other grounds,* 422 Md. 357, 30 A.3d 854 (2011), to support his argument that "filings" and "mailings" of Petitions are functionally equivalent methods of service.   Bush's interpretation of our holding in *Jackson* is patently incorrect and removed from its context.

In *Jackson,* we addressed several issues surrounding a lead paint litigation.   One issue was whether property registration renewal required by Md.Code (1982, 2007 Repl.Vol.), § 6–812(a)(1) of the Environment Article ("Envir."), occurred upon mailing or upon receipt by the State of Maryland Department of the Environment ("MDE").[5]   We concluded that renewal occurred when the registration renewal was actually marked "received" and date-stamped by MDE. *Jackson,* 181 Md.App. at 578, 956 A.2d 861.   We further noted that "[i]n this case, the mailbox rule does not apply."   *Id.* (footnote omitted).

We reached this conclusion, in part, by relying upon *Blundon v. Taylor,* 364 Md. 1, 11, 770 A.2d 658 (2001), which interpreted Md. Rule 1–322(a).[6]   We analogized that, in the context of Md. Rule 1–322(a), "just as 'mailing' is not synonymous with 'filing' for purposes of court pleadings, 'mail' is not synonymous with 'renew' for purposes of [Envir. § 6–812]." *Jackson,* 181 Md.App. at 579 n. 13, 956 A.2d 861.

---

**5.**   Envir. § 6–812(a)(1) requires certain real property owners to "[r]e-new the registration of the affected property on or before December 31 of each year."

**6.   Rule 1–322.   Filing of pleadings and other items.**
   (a) **Generally.** The filing of pleadings and other items with the court shall be made by filing them with the clerk of the court, except that a judge of that court may accept the filing, in which event the judge shall note on the item the filing date and then forthwith transmit the items to the office of the clerk.   No item may be filed directly by electronic transmission, except (1) pursuant to an electronic filing system approved under Rule 16–307 and 16–506, (2) as permitted by Rule 14–209.1, or (3) as provided in section (b) of this Rule.

Contrary to Bush's reading of *Jackson*, we did not hold that "filing is equivalent to mailing and that the filing date is the date of mailing." Bush's argument presents the following flawed syllogism:

**Major premise:** Black's Law Dictionary's definition of "mailbox rule" furnished in *Jackson*, 181 Md.App. at 578 n. 12 [956 A.2d 861] [7] is the cardinal rule governing *all* court filings.

**Minor premise:** Petition was mailed on November 30, 2011, the thirtieth day following promulgation of the Commission's Order.

**Conclusion:** Petition was timely.

Bush's argument is misplaced. The footnote that he references was not a new pronouncement of a rule of law but served to provide context to our statement that the mailbox rule was not applicable in the context presented. As discussed *supra*, the mailbox rule is not applicable herein.

Bush's interpretation requires us to insert a provision to the rule before us. Again, we emphasize that this Court will not "add [or] delete language in a statute so as to subvert [the issuing] body's plain and unambiguous intent." *Foley*, 410 Md. at 152, 978 A.2d 222 (citation omitted).[8]

The circuit court did not err in granting the Commission's motion to dismiss Bush's Petition as untimely. The Commis-

---

7.  " 'Mailbox rule' is the principle that when a document is filed, filing is deemed to have occurred on the date of mailing. BLACK'S LAW DICTIONARY 972 (8th ed.2004)." *Jackson*, 181 Md.App. at 578 n. 12, 956 A.2d 861.

8.  Our conclusion today follows a developed line of authority construing procedures required for the proper submission of pleadings or court documents. *See Levy v. Glens Falls Indem. Co.*, 210 Md. 265, 273, 123 A.2d 348 (1956) (construing "filing" of documents to mean the receipt of documents by a designated official); *Bock v. Ins. Comm'r of Md.*, 84 Md.App. 724, 730, 581 A.2d 857 (1990) (determining that "send" and "mailed" are synonymous however "file" or "filing" is not equivalent to "sending" or "mailing"); *Am. Cas. Co. v. Dep't of Licensing & Regulation Ins. Div.*, 52 Md.App. 157, 161–62, 447 A.2d 484 (1982) (defining "filed" as "delivered").

sion issued its Order on October 31, 2011. Pursuant to the computation of time rules provided in Md.Code, Art. 1, § 36,[9] the clock began to run on November 1, 2011. Therefore, Bush had until November 30, 2011—thirty days after the clock was triggered—to file his Petition.

It is undisputed that Bush *mailed* his Petition to the Clerk's Office on November 30, 2011. Because the Clerk did not *receive* Bush's Petition by the close of business on November 30, 2011, the Petition was untimely when received on December 2, 2011, two days past the prescribed filing period.

## IV. Due Process

Finally, Bush argues that, even if the circuit court properly applied Md. Rule 7–203(a), failure to consider the Commission's online posting as "notice" within the meaning of Md. Rule 1–203(c) constituted a Fourteenth Amendment due process violation. Specifically, Bush avers that, pursuant to the court's interpretation and application, the Commission would not be required to provide any notice to an interested party. This argument is unpersuasive.

In *Samuels v. Tschechtelin*, 135 Md.App. 483, 523, 763 A.2d 209 (2000), we identified four categories of due process claims: a procedural due process claim premised on the deprivation of

---

**9.** Md.Code, Art. 1, § 36—Computation

In computing any period of time prescribed or allowed by any applicable statute, the day of the act, event, or default, after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless: (1) it is a Sunday or a legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday; or, (2) the act to be done is the filing of some paper in court and the office of the clerk of said court on said last day of the period is not open, or is closed for a part of a day, in which event, the period runs until the end of the next day which is neither a Sunday, Saturday, a legal holiday, or a day on which the said office is not open the entire day during ordinary business hours. When the period of time allowed is more than seven days, intermediate Sundays and holidays shall be considered as other days; but if the period of time allowed is seven days or less, intermediate Sundays and holidays shall not be counted in computing the period of time.

a property interest;  a procedural due process claim premised on the deprivation of a liberty interest;  a substantive due process claim premised on the deprivation of a property interest;  and a substantive due process claim premised on the deprivation of a liberty interest.  We can only presume that Bush seeks to avail a procedural due process right premised on the deprivation of a property interest.[10]

██  We need not explore whether procedural due process concerns, statutory provisions, or rules [11] entitled Bush to receive notice of the Commission's Order by service of process.  The propriety of these arguments, if any, is rendered moot by virtue of Bush's *actual notice* of the Commission's decision.

Actual notice has been held to negate a due process violation.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 1378, 176 L.Ed.2d 158 (2010).  In *Espinosa*, although respondent violated procedural rules by failing to serve petitioner with a summons and complaint, no constitutional due process violation occurred because petitioner received actual notice.  *Id.* Likewise, in *Brown v. Handgun Permit Review Bd.*, 188 Md.App. 455, 469–70, 982 A.2d 830 (2009), we held that appellant was not deprived of due process of law, despite not having been informed of a basis for the initial denial of a handgun permit, because actual notice was provided four months prior to a subsequent hearing.  Similarly, in *Francz v. Francz*, 157 Md.App. 676, 689–90, 853 A.2d 839 (2004), we held that noncompliance with notice provisions for service of a divorce petition did not vitiate the circuit court's establishment of personal jurisdiction over appellant in light of appellant's actual notice of appellee's petition.  Further, in *W.*

---

**10.**  Bush approaches his due process claim generally and without regard to whether a procedural or substantive violation occurred as a consequence of the contested proceedings to which he was not a party.

**11.**  Our examination of the rules and statutes pertaining to proceedings before the Commission identified no express requirement that interested persons, in the context before us, must receive notice of a decision or order by service of process.

*Am. Ins. Co. v. Popa*, 352 Md. 455, 464, 723 A.2d 1 (1998), the Court of Appeals determined that no due process violation occurred, notwithstanding petitioner's failure to receive service of process regarding an ancillary civil suit, given that petitioner received actual notice and participated in the primary suit.

In this case, Bush received actual notice of the Commission's Order on October 31, 2011. When questioned by the circuit court judge, Bush acknowledged that he was closely following the proceedings and downloaded the Order from the Commission's website on the date of its issue. Bush received constitutionally sufficient procedural protections to air his grievance. Procedural due process "merely assures reasonable procedural protections, appropriate to the fair determination of the particular issues presented in a given case." *In re Maria P.*, 393 Md. 661, 674–75, 904 A.2d 432 (2006) (citation omitted). Notice is designed to apprise a party of particular occurrences during the course of proceedings, to avoid surprise and permit a party to mount an appropriate response if so warranted.

Here, the quintessential function of procedural due process was fulfilled—Bush was duly apprised of the Commission's Order *upon its issuance* and the rules establish a procedure to mount a response. As the circuit court judge noted, this is "not a situation where [the Order] came to light . . . thirty-one days after it was issued." Even if a procedural violation is presumed, actual notice cures the deficiency in the context before us.

For all of the foregoing reasons, the circuit court's dismissal of Bush's petition for judicial review is affirmed.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY IS AFFIRMED. COSTS TO BE PAID BY APPELLANT.**